UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMAYA HUSSEIN, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> ADIDAS AMERICA, INC., <br><br> Defendant. | No. 23 C 4989 <br><br> Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Sumaya Hussein alleges that Adidas America Inc.'s ("Adidas") website violates the Americans with Disabilities Act ("ADA") because it is not equally accessible to blind and visually impaired consumers. Adidas moves to stay this matter until an earlier-filed case in the United States District Court for the District of New Jersey is resolved. R. 13. For the following reasons, that motion is granted.

### Background

On July 31, 2023, Hussein, who is legally blind and visually impaired, filed this putative class action alleging violations of the ADA. *See* R. 1 ("*Hussein*"). Hussein alleges that when she visited the Adidas website twice in July 2023 in search of a particular sweatshirt, various access barriers prevented her from using and enjoying the website as a sighted person would. *Id.* ¶¶ 20–21, 23, 40–46. She brings the suit on behalf of "all legally blind individuals in the United States who have attempted to access Defendant's Website and as a result have been denied access to the equal

1

enjoyment of goods and services, during the relevant statutory period." *Id.* ¶ 59. Hussein seeks injunctive relief to make the website accessible to blind individuals, damages, and attorneys' fees and costs. *Id.* at p. 17–18.

A few months earlier, on May 23, 2023, Carlos Herrera filed a similar putative class action alleging violations of the ADA in New Jersey state court, which was removed to the United States District Court for the District of New Jersey. *See Carlos Herrera v. Adidas America, Inc.*, No. 2:23-cv-03427 (D.N.J. 2023) ("*Herrera*"). Herrera, who is blind, alleges that when he visited the Adidas website in May 2023, various access barriers prevented him from using and enjoying the website as a sighted person would. R. 7-1 ¶¶ 19–25. He brings the suit on behalf of the same class as *Hussein*, *see id.* ¶ 31, and seeks the same relief. *Id.* at p. 9–10. The case is presently pending, and a class has not yet been certified. Adidas moves to stay this action pending the resolution of *Herrera*.

## Discussion

The "first-to-file" doctrine provides that when identical or nearly identical suits are filed in separate districts, "the first case should be allowed to proceed and the second should be abated." *Asset Allocation & Mgmt. Co. v. W. Emp'rs Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989). The doctrine exists "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Warshawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1261 (7th Cir. 1977).

The first-to-file doctrine plainly applies here. There is no dispute that *Hussein* and *Herrera* are duplicative. The two suits assert the same claims based on the same

2

core factual allegations and seek the same relief. Further, the two suits are brought on behalf of the exact same nationwide class. In other words, there are two putative class actions, identical in all respects except for the named plaintiff, racing to certification in two federal districts. The presumptive course of action is to defer this case in favor of *Herrera. See, e.g.*, *Nicholson v. Nationstar Mortg. LLC of Delaware*, No. 17-CV-1373, 2018 WL 3344408, at *4–8 (N.D. Ill. July 6, 2018) (holding that first-to-file doctrine applied where there was substantial overlap between the parties, claims, and relief in putative class actions); *Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012) (same).

Hussein cites *Taylor v. Midland Funding, LLC*, where the court declined to enter a stay in favor of an earlier-filed putative class action in another district. 94 F. Supp. 3d 941, 944 (N.D. Ill. 2015). The court reasoned that although the cases would be identical should a class be certified, the first-to-file doctrine did not yet apply because the first action could be dismissed, or class certification could be denied. *Id.* Yet, numerous other courts have ruled otherwise, staying later-filed, overlapping putative class action suits before certification. *See, e.g.*, *Nicholson*, 2018 WL 3344408, at *6 (citing cases). And even *Taylor* recognized "the great deal of discretion" that district courts possess on this question. 94 F. Supp. 3d at 944. The Court exercises that discretion in finding the first-to-file doctrine applies here.

That does not mean, however, that a stay is automatically due. The first-to-file doctrine does not create a "hard and fast rule of chronology," but instead gives district courts the "'power, [but] not a duty,' to enjoin a second-filed case." *Research*

3

*Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Asset Allocation*, 892 F.2d at 572 (alteration in original)). As such, the Court must consider whether a stay will "(1) unduly prejudice or tactically disadvantage the non-moving plaintiffs; (2) simplify the issues in question and streamline the trial; and (3) reduce the burden of litigation on the parties and on the court." *Nicholson*, 2018 WL 3344408, at *9 (citing *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)).

Here, where there are twin cases racing toward class certification in separate federal districts at the same time, all three factors counsel in favor of a stay. First, a stay will not unduly prejudice or tactically disadvantage Hussein. At the outset, Hussein falls within the putative class in *Herrera*. She will have the opportunity to join or opt out of any class that is certified or class settlement that may be reached in that case. And contrary to her contention, a stay will not "snuff out" her claims here. R. 15 at 11. The Court is not dismissing her case. Rather, her claims will remain pending against Adidas while the *Herrera* case proceeds. *See Nicholson*, 2018 WL 3344408, at *9 (staying the case, as opposed to dismissing or transferring it, will not foreclose relief being available to the named plaintiff in the case at bar); *Askin*, 2012 WL 517491, at *6 ("Although [plaintiff] likely would prefer to move forward with his case with the goal of being the first to certify a nationwide class, as long as his individual claim is preserved in this court, there is no reason to think that allowing the California litigation to proceed will cause him undue harm."). If, as she

4

anticipates, *Herrera* settles before class certification or certification is denied, Hussein will be able to pick up where she left off.[1]

Further, any delay is unlikely to be significant and is mitigated by requiring regular status reports regarding *Herrera*. If it appears that *Herrera* is not progressing, the Court can lift the stay in *Hussein*. By that token, any risk that a stay will result in the spoliation of evidence, the fading memories of witnesses or putative class members, or the difficulty in locating class members is negligible. What's more, now that Adidas is on notice of the claims against it, it has an obligation to preserve evidence material to the litigation. *See* Fed. R. Civ. P. 37. In these circumstances, a stay is not "untenable." *Cf. Williams v. State Farm Mut. Auto. Ins. Co.*, No. 22-cv-1422, 2023 WL 4106067, at *7 (N.D. Ill. June 21, 2023) (denying piecemeal stay allowing some claims to proceed while others were stayed in case involving claims by 20 plaintiffs under the laws of 47 states).

Even if there was a "fair possibility that the stay [would] work damage to" Hussein, Adidas has "ma[d]e out a clear case of hardship or inequity in being required to go forward." *Landis*, 200 U.S. at 254. If the Court denied the motion to stay, Adidas would be left to litigate two identical class actions in two different courts at the same time. Adidas would be required to conduct discovery, take depositions, engage in motion practice, and potentially prepare for trial in both cases, likely on different timelines. Notwithstanding the overlap between the cases, this duplication of effort

---

[1] Hussein's argument about the "obvious potential problems" with class certification in *Herrera* is puzzling in light of her identical class allegations. *See* R. 15 at 12–13.

5

would go beyond mere cut-and-paste and inevitably cause significant burden and expense.

Second, a stay will simplify the issues. With duplicative putative class actions, a stay is highly likely to "dispense with certain issues and provide certain relief that we will not need to revisit here." *Lynn Scott, LLC v. Grubhub, Inc.*, No. 1:20 CV 06334, 2021 WL 1088304, at *5 (N.D. Ill. Mar. 22, 2021). The *Herrera* court is poised to make rulings on the very issues presented by the case at bar, including the merit of the ADA claim and the certification of a nationwide class. *See Askin*, 2012 WL 517491, at *6 (staying duplicative class action while the earlier-filed case proceeded to certification to "prevent unnecessary duplication" of litigating the substance of plaintiffs' claims and the appropriateness of certifying a nationwide class). If the *Herrera* plaintiffs obtain the injunctive relief they seek, the request for the same relief in this case would be moot. In fact, because Hussein is part of the putative class in *Herrera*, staying this action "may eliminate entirely the need for any further proceedings whatsoever in this Court." *See Pfizer*, 640 F. Supp. 2d at 1008.

For the same reason, granting a stay prevents inconsistent rulings. Hussein argues that because ADA cases typically settle before motion practice, *Herrera* may never reach these issues. Certainly, there is a possibility that *Herrera* may settle, as is the case in every suit. But for now, *Herrera* has begun discovery, and there remains the prospect of avoiding conflicting opinions and streamlining issues before this Court. As stated, should circumstances change, the Court can lift the stay.

Third, and relatedly, a stay will reduce the burden of litigation on the parties and the Court. As discussed, the identical nature of the two cases sets up duplicative discovery and motion practice for the parties, and potentially unnecessary work by the Court. By streamlining the issues to be decided, a stay is likely to lessen the burden and cost of litigation for both Adidas and Hussein and allows the Court to conserve its limited resources. *See Pfizer*, 640 F. Supp. 2d at 1010–11 (granting stay in favor of earlier-filed case citing "the inevitable waste of judicial and party resources that will result" if both actions proceeded at the same time).

In consideration of the potential waste of judicial and party resources that will result if both cases proceed simultaneously, the opportunity to streamline the issues, and the lack of undue prejudice to Hussein from a slight delay, the Court concludes that staying this case while *Herrera* goes forward is entirely appropriate.

## Conclusion

For the foregoing reasons, the Court grants Adidas's motion to stay the litigation. This case is hereby stayed pending further order by this Court. The parties are to jointly submit a written report on the status of *Herrera* on March 15, 2024.

ENTERED:

*Thomas M Durkin*
_____

Honorable Thomas M. Durkin
United States District Judge

Dated: December 19, 2023

7